1 | BRADLEY M. ZAMCZYK (151753)
  | JOANNA BRAYNIN (238563)
2 | HINSHAW & CULBERTSON LLP
  | One California Street, 18th Floor
3 | San Francisco, CA 94111
  | Telephone:    415-362-6000
4 | Facsimile:    415-834-9070

5 | Attorneys for Defendants
  | HAROLD B. GLASSBERG, HAROLD B.
6 | AUERBACH, ROBERT L. POLLAK,
  | GLASSBERG, POLLAK & ASSOCIATES

7

8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION



| | |
|---|---|
| ADEIFE OMOTADE | Case No: TO BE ASSIGNED |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) FEDERAL QUESTION** |
| vs. | |
| HAROLD B. GLASSBERG, HAROLD B. AUERBACH, JON-MICHAEL McSWEENY, ROBERT L. POLLAK, GLASSBERG, POLLAK & ASSOCIATES, NORTHFIELD MOUNT HERMON SCHOOL, A CORPORATION, AND DOES 1-25 | Complaint Filed:  October 2, 2007 |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT defendants HAROLD B. GLASSBERG, HAROLD B. AUERBACH, ROBERT L. POLLAK, JON-MICHAEL MCSWEENEY, and GLASSBERG, POLLAK & ASSOCIATES ("Defendants) hereby remove to this court the state action described below:

1.    On October 2, 2007, an action was commenced in the Superior Court of the State of California, County of San Francisco, titled *Adeife Omotade v. Glassberg et al.*, filed as Case

1

1    No. CGC-07-467764. Copies of the complaint and the summons are attached hereto as

2    Exhibit 1.

3        2.    The complaint alleges causes of action for fraud, intentional infliction of

4    emotional distress, negligent infliction of emotional distress, constructive fraud, abuse of

5    process, negligence, legal malpractice, breach of contract, breach of the implied covenant of

6    good faith and fair dealing, violation of the Federal Fair Debt Collection Practices Act, violation

7    of the Robbins-Rosenthal Act of California, and unfair business practices, stemming from

8    Defendants' provision of legal services to defendant Northfield Mount Hermon School ("Mount

9    Hermon") in connection with debts plaintiff owed to Mount Hermon.

10       3.    This action is a civil action of which this Court has original jurisdiction under 28

11   U.S.C. 1331, and it is one which may be removed to the Court by Defendants pursuant to the

12   provisions of 28 U.S.C. § 1441(b), in that it involves a claim arising under the laws of the United

13   States.

14       4.    Specifically, plaintiff's Tenth Cause of Action alleges a violation of the Federal

15   Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (incorrectly cited in the complaint as

16   7 U.S.C. 801 et seq.) Plaintiff alleges that Defendants are debt collectors within the meaning of

17   the Federal Fair Debt Collection Practices Act and breached the Act by: (1) submitting a false

18   declaration to the court, (2) attempting to collect more money than is owed, (3) submitting false

19   explanation to the Court in support of a wrongfully obtained judgment, (4) obtaining a judgment

20   on false grounds, (5) garnishing plaintiff's bank account on a judgment defendants knew was

21   based on false grounds, (6) not voluntarily returning the monies garnished after judgment was set

22   aside, (7) continuing to accepts payment from plaintiff knowing that a judgment was requested

23   and not telling plaintiff, and, (8) misleading plaintiff to continue making payments on the

24   payment plan while at the same time informing the court plaintiff was not making payment

25   thereby obtaining a judgment against plaintiff.

26       5.    The complaint seeks costs of suit, attorneys' fees, exemplary or punitive damages

27   in the amount of $500,000, damages for emotional distress and loss of reputation in the amount

28

2

1   of $100,000, actual damages in the amount of $101,177.54, and statutory damages in the amount

2   of $16,000.  The complaint does not make a jury demand.

3        6.       The complaint was personally served on Defendants in San Francisco, California

4   on October 9, 2007.  This notice of removal is being filed within the time required by 28 U.S.C.

5   § 1446(b).

6        7.       The action was dismissed with prejudice as to defendant Northfield Mount

7   Hermon School, on October 30, 2007.  No other defendants have been named in this lawsuit to

8   date.

9   DATED:  November 8, 2007                    HINSHAW & CULBERTSON LLP

10

11

12                                             By:
                                                  BRADLEY M. ZAMCZYK
13                                                JOANNA BRAYNIN
                                                  Attorneys for Defendants HAROLD B.
14                                                GLASSBERG, HAROLD B. AUERBACH,
                                                  ROBERT L. POLLAK, GLASSBERG,
15   2964440     882097                            POLLAK & ASSOCIATES

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        3

# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Harold B. Glassberg, Harold B. Auerbach, Jon-Michael McSweeny, Robert L. Pollak, Glassberg, Pollak & Associates, Northfield Mount Hermon School, A Corporation, Does 1 to 25

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Adeife Omotade

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>San Francisco Superior Court - Unlimited Jurisdication, 400 McAllister Street, San Francisco, CA 94102 | **CASE NUMBER:** CGC-07-467764<br>(Número del Caso): |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Jeffrey I. Fettner, SBN 125410, Robbins, Fettner & LemMon, 436 14th Street, Suite 405, Oakland, CA 94612
(510) 451-7128.

DATE: OCT 02 2007 Gordon Park-Li    Clerk, by  Deborah Steppe  , Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify): Glassberg, Pollak & Associates

    under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
           [✓] other (specify): Entity Unknown
4. [ ] by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

EXHIBIT 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Jeffrey I. Fettner, SBN 125410
Robbins, Fettner & LemMon
436 14th Street, Suite 405
Oakland, CA 94612
TELEPHONE NO.: 510 451-7128   FAX NO.: 510 451-0334
ATTORNEY FOR (Name): Adeife Omotade

FOR COURT USE ONLY
ENDORSED FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2007 OCT -2 AM 11: 00

GORDON PARK - LI, CLERK

BY: Deborah Steppe

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Adeife Omotade v. Harold B. Glassberg, et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | CGC-07-467764 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [✓] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify)*: 13
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 3, 2007

Jeffrey I. Fettner
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CASE MANAGEMENT CONFERENCE SET

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2007 OCT -2  AM 11: 00

GORDON PARK - LI, CLERK

BY: Deborah Steppe
DEPUTY CLERK

FEB 2 9 2008  -9⁰⁰ AM

DEPARTMENT 212

1  Robbins, Fettner & LemMon
   Jeffrey I. Fettner, SBN 125410
2  436 14ᵗʰ Street, Suite 405
   Oakland, Ca. 94612
3  (510) 451-7128
   (510) 451-0334
4
   Attorneys for Adeife Omotade
5

6

7         SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                COUNTY OF SAN FRANCISCO

9                 UNLIMITED JURISDICTION

10

11  ADEIFE OMOTADE,                    Case No. CGC-07-467764

12        Plaintiff,

13                                     COMPLAINT FOR DAMAGES FOR
                                       NEGLIGENCE, ABUSE OF PROCESS,
14      vs.                            FRAUD, UNFAIR BUSINESS
                                       PRACTICES, FAIR DEBT
15  HAROLD B. GLASSBERG, HAROLD B.     COLLECTIONS ACT, INFLICTION OF
    AUERBACH, JON-MICHAEL MCSWEENY,    EMOTIONAL DISTRESS, BREACH OF
16  ROBERT L. POLLAK, GLASSBERG,       CONTRACT
    POLLAK & ASSOCIATES, NORTHFIELD
17  MOUNT HERMON SCHOOL, A
    CORPORATION. DOES 1-25
18        Defendants.                  UNLIMITED JURISDICTION

19

20  1.  Adeife Omotade is of African-American decent.  She was born on November 27, 1939

21  2.  Adeife Omotade is a natural person with her residence in Alameda County.

22  3.  Harold B. Glassberg is natural person.  He is licensed to practice law in the State of

23      California.  His California State Bar Association Number is 55669.  He has been

24      licensed to practice law since January 1973.  His primary place of business is San

25      Francisco, CA.

26  4.  Harold B. Auerbach is a natural person.  He is licensed to practice law in the State of

27      California.  His California State Bar Association Number is 28004.  He has been

28

                                       1

1   licensed to practice law since December 1957. His primary place of business is San

2   Francisco, CA.

3   5.  Robert Lawrence Pollak is a natural person. He is licensed to practice law in the State

4       of California. His California State Bar Association Number is 83950. He has been

5       licensed to practice law since November 1978. His primary place of business is San

6       Francisco, CA.

7   6.  Jon-Michael McSweeny is a natural person. He is licensed to practice law in the State

8       of California. His California State Bar Association Number is 242068. He has been

9       licensed to practice law since April 2006.  His primary place of business is San

10      Francisco, Ca.

11  7.  Glassberg, Pollak & Associates is a law firm. The business entity form is unknown.

12      Its primary place of business is San Francisco, CA.

13  8.  Northfield Mount Hermon School is a Massachusetts corporation. Their principle

14      place of business is Northfield, Massachusetts.

15  9.  At all times herein Harold Burton Glassberg, Harold B. Auerbach, Robert Lawrence

16      Pollak, Jon-Michael McSweeny, Glassberg, Pollack & Associates were and are the

17      agents and representatives of Northfield Mount Hermon School.

18  10. At all times herein Harold Burton Glassberg, Harold B. Auerbach, Robert Lawrence

19      Pollak, Jon-Michael McSweeny, Glassberg, Pollack & Associates acted and continue

20      to act within the scope of the agency with Northfield Mount Hermon School. At all

21      times herein Northfield Mount Hermon School received and continues to receive the

22      benefit of the actions of its agents and representatives.

23  11. At all times herein Harold Burton Glassberg, Harold B. Auerbach, Robert Lawrence

24      Pollak, Jon-Michael McSweeny, Glassberg, Pollack & Associates are principle, agent,

25      employer and employee, joint venture, co-conspirators, acted and are acting within the

26      scope of agency and relationship. Each has affirmed the acts of the other.

27

28

12. On June 6, 2002 Northfield Mount Hermon School by and through its agent and representative, Glassberg, Pollak & Associates, entered into a settlement of agreement with Adeife Omotade in Alameda County Superior Court Case Number 2001-28047.

13. The terms of the settlement agreement of June 6, 2002 required Ms. Omotade to pay a sum certain to Northfield Mount Hermon School by paying $200.00 per month until it was paid off. Further terms included the payment was to be on the 25th of each month. There was a ten day cure period of any default, after notification by Northfield Mount Hermon School.

14. The terms were modified to allow Ms. Omotade to pay $50.00 per month because Ms. Omotade was unable to meet the $200.00 per month term.

15. Mrs. Omotade paid as per the settlement agreement. She was sometimes late, but Northfield Mount Hermon School, by and through its agents and representatives, Glassberg, Pollak and Associates, always accepted the payment.

16. On October 10, 2006, Northfield Mount Hermon School, by and through its agents and representative, Glassberg, Pollak & Associates, Harold Burton Glassberg, submitted to the Superior Court in case number 200128047 a declaration signed by Harold Burton Glassberg under penalty of perjury. Said declaration was evidence used to obtain a Judgment. It was done by ex-parte procedure.

17. Said Declaration by Harold Burton Glassberg requested a judgment against Mrs. Omotade for failure to satisfy the terms of the settlement agreement.

18. Said Declaration by Harold Burton Glassberg specifically stated that no payment was received for the July 25, 2006 payment and no payment thereafter through the time of the October 10, 2006 declaration was received.

19. Mrs. Omotade made her payments through July 25, 2006.

20. Mrs. Omotade paid her August 2006 payment in September 2006.

21. Mrs. Omotade made her September 2006 payment before Northfield Mount Hermon School applied for Judgment on December 12, 2006.

3

22. Ms. Omotade was not in default at the time plaintiff filed its application for judgment on October 12, 2006.

23. The declaration on behalf of Northfield Mount Herman School by Harold Burton Glassberg was false.

24. Judgment was entered on October 20, 2007 because of a false declaration of Harold Burton Glassberg on behalf of Northfield Mount Herman School.

25. Northfield Mount Hermon School by and through its agents and representatives obtained a writ of execution and levied on Ms. Omotade's bank account. Monies were seized on April 11, 2007. Monies were seized even though defendants, and each of them, knew the Judgment was based on false evidence.

26. Ms. Omotade asked defendants, and each of them, to set aside the judgment and return the funds seized on a voluntary basis. Defendants, and each of them, refused. Ms. Omotade sought relief from the Judgment. The Court granted relief setting aside the Judgment and quashing the writ of execution on June 19, 2007.

27. Ms. Omotade demanded from Northfield Mount Hermon School and its agents and representatives the return of the seized money.

28. Defendants returned part of the funds seized in the amount of $1690.24. The monies returned were sent back requesting all of the seized funds be returned in the amount of $1,775.24.

29. In defendants opposition to motion to set aside the judgment defendant claimed Ms. Omotade missed March 2006 payment and was in arrears, justifying the taking of the Judgment.

30. This was a false statement; Ms. Omotade did make the March 2006 payment.

31. On June 22, 2007 Harold Auerbach on behalf of defendants wrote a letter to Ms. Omotade, by and through her attorney of record, Jeffrey Fettner, stating that the declaration of Mr. Glassberg upon which Judgment was obtained did not mean that Ms. Omotade missed her payments just that they were not on time. This was false.

32. On July 3, 2007 Harold Glassberg, on behalf of defendants, wrote a letter to Ms. Omotade by and through her attorney of record, Jeffrey Fettner, stating that Ms. Omotade had not paid any payments since March 2007.   Payment was demanded.

33. This was false.  In fact Ms. Omotade had made all of her payments in 2007.

34. On July 3, 2007 Harold Glassberg on behalf of defendants, without request, voluntarily provided to Ms. Omotade, by and through her attorney of record, a written accounting.  The accounting was in violation of a court order.   The Order setting aside the judgment also established that as of October 2006 Ms. Omotade was current.  The accounting showed Ms. Omotade in arrears through October 2006.

## FIRST CAUSE OF ACTION
## FRAUD

35. This cause of action incorporates by this reference paragraphs 1 through 34, inclusive.

36. Defendants, and each of them, knew the declaration of Mr. Glassberg was not true.

37. Defendants, and each of them, knew the letter by Mr. Auerbach explaining the declaration of Mr. Glassberg was not true.

38. Defendants, and each of them, knew the oppositions to the motion to set aside the default judgment was not true.

39. Defendants, and each of them, knew the amount presented to plaintiff in return for the amount taken under the bank account garnishment was the wrong amount, but nonetheless presented it to plaintiff as the right amount.

40. Defendants, and each of them, knew for each act or statement was false.

41. Defendants, and each of them, knew that plaintiff would rely on the acts or statements.

42. Defendants, and each of them, intended to plaintiff to rely on the acts or statements.

43. Plaintiff sustained actual damage in the amount of $1,177.24.

44. Defendants and each of them, acts were intentional, reckless, and/or malicious, justifying punitive or exemplary damages in the amount of $500,000.00.

45. Plaintiff sustained further damages to her reputation, emotional distress as a consequence of the actions of plaintiff in the amount of $100,000.00.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Paragraphs 1 through 45, inclusive, are hereby incorporated by this reference.

47. Defendants, and each of them, acted with intentional and outrageous conduct knowing The outrageous conduct was the false declaration submitted by defendants. Further outrageous conduct was the false explanations for the declaration and false pleadings in their defense of the motion to set aside the default judgment, and the demand for monies already paid, executing on a judgment procured by fraud, not returning the funds seized in a timely manner in the full amount seized, not voluntarily correcting the conduct.

48. Defendants, and each of them, caused severe emotional distress to plaintiff.

49. Defendants, and each of them, conduct was intentional knowing it would cause emotional distress or with the reckless disregard of the probability it would cause emotional distress.

50. As a result of said conduct plaintiff was damaged.

51. Said conduct was done maliciously, oppressively and recklessly entitling plaintiff to punitive or exemplary damages.

## THIRD CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52. Paragraphs 1 through 51, inclusive, are hereby incorporated by this reference.

53. Defendants, and each of them, breached their duty to use due care with regard to plaintiff.

54. Defendants and each of them, by their conduct caused emotional distress to plaintiff.

## FOURTH CAUSE OF ACTION

### CONSTRUCTIVE FRAUD

55. Paragraphs 1 through 54, inclusive, are incorporated into this cause of action hereby this reference.

56. Defendants, and each of them, were in a fiduciary or confidential relationship with plaintiff.

57. Defendants, and each of them, breached their duty to plaintiff by their conduct.

58. Plaintiff was justified in relying on defendants, and each of them.

59. The conduct of defendants, and each of them, caused prejudice to plaintiff, by causing the loss of money through the loss of interest, suffering a judgment to be wrongfully placed against her, causing her to retain and pay attorney fees, suffering distress in the amount of $101,177.52.

## FIFTH CAUSE OF ACTION

### ABUSE OF PROCESS

60. Paragraphs 1 through 60, inclusive are hereby incorporated into this cause of action.

61. Defendants, and each of them, conduct was done in a wrongful manner.

62. The wrongful conduct included, but was not limited to, obtaining a judgment through a false declaration, providing a false or misleading declaration, submitting the false or misleading declaration, gave a false explanation of the meaning of the declaration in a letter, provided false information to the Court in its pleadings in opposition to the motion to set aside the default judgment, tried to collect monies not owed to defendants, failed to return the proper amount of money wrongfully garnished.

63. Defendants ulterior purpose was financial gain, trying to rid itself of a bargain they felt was no longer in their interest, and take advantage of an elderly black women to her financial detriment.

64. Plaintiff suffered damages as a result of the conduct of defendants, and each of them. Said damages include the cost of retaining an attorney to rectify the situation created by defendants conduct, credit loss by the obtaining a false judgment, mental and emotional suffering, injury to reputation, loss of interest.

### SIXTH CAUSE OF ACTION
### NEGLIGENCE

65. Paragraphs 1 through 64, inclusive, are hereby incorporated into this cause of action.

66. Defendants, and each of them, owed a duty of care to plaintiff.

67. Defendants, and each of them, breached their duty of care by obtaining a judgment through a false declaration, providing a false or misleading declaration, submitting the false or misleading declaration, gave a false explanation of the meaning of the declaration in a letter, provided false information to the Court in its pleadings in opposition to the motion to set aside the default judgment, tried to collect monies not owed to defendants, failed to return the proper amount of money wrongfully garnished.

68. Defendants, and each of them, failed to exercise reasonable care.

69. The conduct of defendants, and each of them, was the proximate and legal cause of the damages to plaintiff.

70. As a result plaintiff suffered damages in loss of money, cost of hiring an attorney, loss of interest, damage to reputation, emotional distress.

8

## SEVENTH CAUSE OF ACTION

## LEGAL MALPRACTICE

71. Paragraphs 1 through 71, inclusive, are hereby incorporated into this cause of action.

72. Defendants Harold Burton Glassberg, Harold B. Auerbach, Robert Lawrence Pollak, Jon-Michael McSweeny are attorneys licensed to practice law in the State of California.

73. Defendant Glassberg, Pollack & Associates is an association of attorneys.

74. Defendants, and each of them, owed plaintiff a duty of care.

75. Defendants Harold Burton Glassberg, Harold B. Auerbach, Robert Lawrence Pollak, Jon-Michael McSweeny, Glassberg, Pollack & Associates failed to exercise reasonable and due care in the legal services rendered to plaintiff, to wit, signing an false and misleading declaration to obtain a default judgment, false explanations in support of the judgment to the court, wrongful garnishment, failure to correct said conduct, including the return of the funds seized.

76. Had defendants exercised reasonable care plaintiff would not have suffered a wrongful judgment, loss of reputation, loss of interest, emotional distress, loss of money used to hire an attorney to rectify the situation.

77. Plaintiff suffered damages as a legal and proximate cause of the conduct of defendants, and each of them, loss of reputation, loss of interest, emotional distress, loss of money used to hire an attorney to rectify the situation.

78. Such conduct was intentional, malicious and with reckless disregard entitling plaintiff to punitive or exemplary damages.

## EIGHTH CAUSE OF ACTION

## BREACH OF CONTRACT

79. Paragraphs 1 through 79, inclusive, are hereby incorporated into this cause of action.

80. Defendant Northfield Mount Hermon School entered into a contract of settlement by and through their attorney of record, Glassberg, Pollack & Associates.

81. Said Agreement permitted a default judgment be taken against plaintiff for a breach of the agreement, and upon declaration by defendants.

82. Defendants breached said agreement by submitting a false declaration to obtain a judgment based on an alleged, but not true, breach of the agreement.

83. Said false declaration and subsequent judgment was a breach of the contract by defendant.

84. As a result of said breach of contract plaintiff was damaged in the amount of

## NINTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD

## FAITH AND FAIR DEALING

85. Paragraphs 1 through 84, inclusive are hereby incorporated into this cause of action.

86. Defendant Northfield Mount Hermon School entered into a contract of settlement by and through their attorney of record, Glassberg, Pollack & Associates.

87. Said Agreement permitted a default judgment be taken against plaintiff for a breach of the agreement, and upon declaration by defendants.

88. Defendants breached said agreement by submitting a false declaration to obtain a judgment based on an alleged, but not true, breach of the agreement.

89. Said false declaration and subsequent judgment was a breach of the contract by defendant.

90. As a result of said breach of contract plaintiff was damaged in the amount of

91. Defendants by their conduct breached the implied covenant of good faith and fair dealing.

92. Said breach was malicious and with the conscious reckless disregard entitling plaintiff to punitive or exemplary damages.

TENTH CAUSE OF ACTION

FAIR DEBT COLLECTION PRACTICES ACT

(7 USC 801, et. cet.)

93. Paragraphs 1 through 92, inclusive, are hereby incorporated into this cause of action by this reference.

94. Defendants Harold Burton Glassberg, Harold B. Auerbach, Robert Lawrence Pollak, Jon-Michael McSweeny, Glassberg, Pollack & Associates at all relevant times herein are debt collectors within the meaning of the Federal Fair Debt Collections Practices.

95. ~~Defendants, and each of them, breached the Federal Fair Debt Collections Practices~~ Act and Robbins-Rosenthal Act of California by the following acts:

    1) Submitting a false declaration to the Court

    2) Trying to collect more money than is owed.

    3) Submitting false explanations to the Court in support of a wrongfully obtained judgment.

    4) Obtaining a Judgment on false grounds.

    5) Garnishing plaintiff's bank account based on a judgment defendants, and each of them, knew was based on false grounds.

    6) Not voluntarily returning all of the monies garnished after the judgment was set aside and then when returned not returning the proper amount.

    7) Continuing to accept payments from plaintiff knowing that a judgment was requested, and not telling plaintiff.

8) Misleading plaintiff to continue making payments on the payment plan while at the same time informing the court that plaintiff was not making payments and obtaining a judgment.

96. As a result of said conduct plaintiff was damaged.

97. Defendants conduct was and is part of a pattern and practice of conduct.

98. Plaintiff is entitled to statutory damages of $1,000.00 per violation, attorney fees, and costs of suit.

ELEVENTH CAUSE OF ACTION

ROBBINS-ROSENTHAL ACT OF CALIFORNIA

(CCC 1788 et. cet.)

99. Paragraphs 1 through 98, inclusive, are hereby incorporated into this cause of action by this reference.

100.    Defendants Harold Burton Glassberg, Harold B. Auerbach, Robert Lawrence Pollak, Jon-Michael McSweeny, Glassberg, Pollack & Associates at all relevant times herein are debt collectors within the meaning of the California Civil Code Section 1788 et. cet.

101.    Defendants, and each of them, breached the Robbins-Rosenthal Act of California by the following acts:

1) Submitting a false declaration to the Court

2) Trying to collect more money than is owed.

3) Submitting false explanations to the Court in support of a wrongfully obtained judgment.

4) Obtaining a Judgment on false grounds.

5) Garnishing plaintiff's bank account based on a judgment defendants, and each of them, knew was based on false grounds.

6) Not voluntarily returning all of the monies garnished after the judgment was set aside and then when returned not returning the proper amount.

7) Continuing to accept payments from plaintiff knowing that a judgment was requested, and not telling plaintiff.

8) Misleading plaintiff to continue making payments on the payment plan while at the same time informing the court that plaintiff was not making payments and obtaining a judgment.

102.    As a result of said conduct plaintiff was damaged.

103.    Defendants conduct was and is part of a pattern and practice of conduct.

104.    Plaintiff is entitled to statutory damages of $1,000.00 per violation, attorney fees, and costs of suit.

## THIRTEENTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES

105.    Paragraphs 1 through 104, inclusive, are incorporated into this cause of action.

106.    Defendants and each of them are in business of collecting debts from individuals.

107.    Defendants are lawyers practicing law in the State of California, with the exception of Northfield Mount Hermon School.

108.    Defendant Northfield Mount Hermon School is a corporation.

109.    Plaintiff is an elderly black women.

110.    Defendants have used unfair business practices and special skill and training to take an unfair advantage in the business relationship with plaintiff.

111.    As a result of said conduct plaintiff has been damaged.

Wherefore plaintiff prays for:

      1) Costs of suit,
      2) Attorney fees,
      3) Exemplary or punitive damages in the amount of $500,000.00,
      4) Emotional distress, loss of reputation in the amount of $100,000.00,
      5) Actual damages in the amount $101,177.54
      6) Statutory damages in the amount of $16,000.00.
      7) All other relief entitled to.

Respectfully Submitted,


October 3, 2007


Jeffrey I. Fettner
Attorney for Plaintiff

14

*Omotade v. Harold B. Glassberg, et al.*
*US District Court, Northern District of California*

## PROOF OF SERVICE

I am employed in the City and County of San Francisco. I am over the age of 18 years and not a party to the within entitled action. My business address is Hinshaw & Culbertson, One California Street, 18th Floor, San Francisco, California 94111.

On November 8, 2007, I served the within:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(B) FEDERAL QUESTION**

on the following attorney(s) of record and/or interested parties in the above referenced case by depositing a true and correct copy (copies) by the following means:

[x]   (BY MAIL) I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

[ ]   (BY OVERNIGHT DELIVERY) I deposited such envelopes to be placed for collection and handling via United Parcel Service ("UPS") following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence via UPS. On the same day that material is placed for collection, it is picked up by UPS at San Francisco, California.

[ ]   (BY FACSIMILE TRANSMISSION) By transmitting a true copy thereof from sending facsimile machine telephone number (415) 834-9070 to the following parties at the receiving facsimile machine numbers shown below.

[ ]   (BY HAND DELIVERY) By hand delivery to the following persons as noted:

Jeffrey I. Fettner, Esq.
Robbins, Fettner & LemMon
436 14th Street, Suite 405
Oakland, CA 94612
Tel:    (510) 451-7128
Fax:    (510) 451-0334
*Attorneys for Plaintiff Adeife Omotade*

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on November 8, 2007, at San Francisco, California.

Cynthia M. Peña

PROOF OF SERVICE

2964746v1 882097