1   BRADLEY M. ZAMCZYK (151753)
    JOANNA BRAYNIN (238563)
2   HINSHAW & CULBERTSON LLP
    One California Street, 18th Floor
3   San Francisco, CA 94111
    Telephone:    415-362-6000
4   Facsimile:    415-834-9070

5   Attorneys for Defendants
    HAROLD B. GLASSBERG, HAROLD B.
6   AUERBACH, ROBERT L. POLLAK, JON-
    MICHAEL McSWEENY, GLASSBERG,
7   POLLAK & ASSOCIATES

8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                    SAN FRANCISCO DIVISION
11

12  ADEIFE OMOTADE,                        )   Case No: CV 07 5683 MMC
                                           )
13          Plaintiff,                     )   **DEFENDANTS' HAROLD B.
                                           )   GLASSBERG, HAROLD B. AUERBACH,
14      vs.                                )   ROBERT L. POLLAK, JON-MICHAEL
                                           )   MCSWEENY, GLASSBERG, POLLAK &
15  HAROLD B. GLASSBERG, HAROLD B.         )   ASSOCIATES MEMORANDUM OF
    AUERBACH, JON-MICHAEL MCSWEENY,        )   POINTS AND AUTHORITIES IN
16  ROBERT L. POLLAK, GLASSBERG,           )   SUPPORT OF THEIR MOTION TO
    POLLAK & ASSOCIATES, NORTHFIELD        )   DISMISS (FEDERAL RULE OF CIVIL
17  MOUNT HERMON SCHOOL, A                 )   PROCEDURE 12(b)(6))**
    CORPORATION, AND DOES 1-25             )
18                                         )
            Defendants.                    )   **DATE:        January 4, 2008
19                                         )   TIME:        9:00 a.m.
                                           )   DEPT.:       Courtroom 7**
20                                         )
                                           )
21  _____)

22

23

24

25

26

27

28

────────────────────────────────────────────────────────
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
                                        Case No. CV 07 5683 MMC

# TABLE OF CONTENTS

**Page**

II.    RELIEF REQUESTED ................................................................................1

III.   STATEMENT OF FACTS .........................................................................1

IV.   Standard of Review ....................................................................................2

V.    LEGAL ARGUMENT .................................................................................3

    A.    Plaintiff Cannot Assert A Cause of Action for Fraud Because it is Barred by the California Litigation Privilege As a Matter Of Law ................................3

    B.    Plaintiff's Second and Third Causes of Action for Intentional and Negligent Infliction of Emotional Distress are Barred by the California Litigation Privilege As a Matter of Law ................................................................5

    C.    Plaintiff's Fourth Cause of Action For Constructive Fraud Fails As A Matter of Law ................................................................................................6

        1.    Plaintiff's Constructive Fraud Cause of Action Fails Because Omotade and Defendants Did Not Have a Fiduciary Relationship .....................6

        2.    The Litigation Privilege Completely Bars Plaintiff's Cause of Action for Constructive Fraud. ................................................................7

    D.    The California Litigation Privilege Completely Bars Plaintiff's Fifth Cause of Action for Abuse of Process ................................................................7

    E.    Plaintiff's Sixth and Seventh Causes of Action for Negligence and Legal Malpractice Fail As a Matter of Law ................................................8

        1.    Plaintiffs Causes Of Action for Negligence and Legal Malpractice Fail Because Defendants Did Not Owe Omotade a Duty ................................8

        2.    California's Absolute Litigation Privilege Bars Plaintiff's Causes of Action for Negligence and Legal Malpractice. ................................9

    F.    Plaintiff Cannot Assert Causes of Action for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing Because Defendants Did Not Enter Into a Contract With Plaintiff ................................................9

    G.    Plaintiff's Tenth Cause of Action for Violation of the Fair Debt Collection Practices Act ("FDCPA") Fails Because Defendants' Alleged Conduct Does Not Amount to "Communication" Under the FDCPA ................................10

    H.    Plaintiff's Eleventh and Thirteenth Causes of Action for Violation of the Rosenthal Fair Debt Collection Practice Act ("RFDCPA") and Unfair Business Practices Fails as A Matter of Law ................................................12

i

1     1.  Plaintiff's Eleventh and Thirteenth Causes of Action for Violation of
       the Rosenthal Fair Debt Collection Practice Act ("RFDCPA") and
2       Unfair Business Practices are Barred By the California Litigation
       Privilege ..................................................................................................12
3

     2.  Defendants Do Not Qualify As "Debt Collectors" Under the Rosenthal
4       Fair Debt Collection Practices Act ("RFDCPA")....................................13

5   I.  Plaintiff Fails to Allege a Twelfth Cause of Action .............................................14

6 VI.  CONCLUSION.............................................................................................................14

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. CV 07 5683 MMC

1

## TABLE OF AUTHORITIES

2

**Page**

3  **Cases**

4  *Adams v. Superior Court* (1992)
   2 Cal. App. 4th 521 ....................................................................... 7, 8

5  *Argentieri v. Fisher,*
   15 F. Supp. 2d 55 (D. Mass. 1998) ........................................... 11, 12
6

*Assilzadeh v. California Federal Bank, FSB* (2000)
7     82 Cal.App.4th 399 ............................................................................ 6

*Balistreri v. Pacific Police Depo.,*
8     901 F.2d 696 (9th Cir. 1990) ............................................................ 3

9  *Benedek v. PLC Santa Monica, LLC* (2002)
   104 Cal.App.4th 1351 ........................................................................ 8

10  *Brown v. Kennard* (2001)
   94 Cal.App.4th 40 ............................................................................. 7
11

*Committee on Children's Television, Inc. v. General Foods Corp.* (1983)
12     35 Cal.3d 197 ................................................................................... 3

13  *Guerrero v. RJM Acquisition LLC,*
   499 F.3d 926 (9th Cir. 2007) ..................................................... 10, 11

14  *Heintz v. Jenkins,*
   514 U.S. 29 (1995) .......................................................................... 13

15  *Howard v. Drapkin* (1990)
   222 Cal.App.3d 843 .......................................................................... 4
16

*Moore v. Anderson Zeigler Disharoon Gallagher & Gray, P.C.* (2003)
17     109 Cal.App.4th 1287 ............................................................... 6, 7, 8

18  *Norton v. Hines* (1975)
   49 Cal.App.3d 917 ......................................................................... 3, 9

19  *Pacific Gas and Electric Co. v. Bear Stearns & Co.* (1990)
   50 Cal.3d 1118 ................................................................................. 4

20  *Pearson v. Norton* (1964)
   230 Cal.App.2d 1 .............................................................................. 3
21

*Rubin v. Green* (1993)
22     4 Cal.4th 1187 .................................................................................. 4

*Salahutdin v. Valley of California, Inc.* (1994)
23     24 Cal.App.4th 555 ........................................................................... 6

24  *Sengchanthalangsky v. Accelerated Recovery Specialists* (S.D. Cal., 2007)
   473 F. Supp.2d 1083 .................................................................. 5, 6, 9
25  *Silberg v. Anderson* (1990)
   50 Cal.3d 205 ................................................................................... 4
26

*Small v. Frits Companies* (2003)
27     30 Cal.4th 167 .................................................................................. 3

28

iii

*Swierkiewicz v. Sorema, N.A.*
    543 U.S. 506 (2002).............................................................................................. 2

*Taylor v. Quall,*
    458 F. Supp.2d 1065 (E.D. 2006) ............................................................... 12, 13

*Transphase Systems, Inc. v Southern Calif. Edison Co.,*
    839 F.Supp. 711 .................................................................................................. 3

*United Commercial Ins. Service, Inc. v. Paymaster Corp.,*
    962 F.2d 853 (9th Cir. 1992) ............................................................................. 9

*Ventura County Humane Society v. Holloway* (1974)
    40 Cal.App.3d 897 .............................................................................................. 8

*Weisbuch v. County of Los Angeles* (9th Cir. 1997)
    119 F.3d 778 fn.1 ................................................................................................ 3

*Wolf v. Superior Court* (2003)
    107 Cal.App.4th 25 ............................................................................................. 6

**Statutes**

15 U.S.C.
    § 1692.................................................................................................................. 10

Cal. Bus. & Prof. Code
    § 6068(c) ........................................................................................................... 12
    § 6068(d) ........................................................................................................... 12
    § 6075................................................................................................................. 12
    § 6077................................................................................................................. 12
    § 17200........................................................................................................... 5, 13

Cal. Civ. Code
    § 47...................................................................................................................... 7
    § 47(b) ....................................................................................................... 2, 3, 13
    § 1788.2(b)........................................................................................................ 13

**Rules**

Cal. R. Prof. Conduct
    Rule 5-200(A) .................................................................................................... 12
    Rule 5-200(B) .................................................................................................... 12

Fed. R. Civ. Proc.
    Rule 8(a).............................................................................................................. 2
    Rule 12(b)(6)................................................................................................ 1, 2, 3

## I. RELIEF REQUESTED

Defendants Harold B. Glassberg, Harold B. Auerbach, Jon-Michael McSweeny, Robert L. Pollak, and Glassberg Pollak & Associates ("Defendants") hereby move to dismiss the complaint of Adeife Omotade without leave to amend.  Defendants' motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted as a matter of law.

## II. STATEMENT OF FACTS

Defendants served as legal counsel for Northfield Mount Hermon School ("Mount Hermon") in a debt collection matter filed against Adeife Omotade in Alameda County Superior Court Case Number 2001-28047 (the "Underlying Action")  (Plaintiff's Complaint ("COM") ¶¶ 10, 12.)  On June 6, 2002, Mount Hermon and Omotade entered into a settlement agreement and stipulation. (COM ¶ 12.)  Pursuant to the terms of the settlement and stipulation, Omotade was required to pay $200.00 on the 25th of each month to Mount Hermon until all outstanding debts were fully paid off.  (COM ¶ 13.)  At Omotade's request, the agreement was later modified to allow Ms. Omotade to pay $50.00 per month for a defined period of time.  (COM ¶ 14.)  Ms. Omotade made late payments.  (COM ¶ 15)

On October 10, 2006 Defendants appeared exparte in Alameda Superior Court on behalf of Mount Hermon in order to obtain a judgment, as allowed by the settlement agreement, against Ms. Omotade for failure to satisfy the terms of the settlement agreement.  (COM ¶ 16.)  In order to obtain the judgment, Mount Hermon submitted a declaration signed by defendant Harold Burton Glassberg, delineating Ms. Omotade's payment defaults.  (COM ¶¶ 16, 17.)  On October 20, 2007, the Alameda County Superior Court entered judgment against Ms. Omotade.  (COM ¶ 24.)  Mount Hermon obtained a writ of execution and levied on Ms. Omotade's bank account and seized money to satisfy the judgment on April 11, 2007.  (COM ¶ 25.)

Omotade moved to set aside the judgment, and Defendants drafted and filed an opposition to said motion.  (COM ¶¶ 26, 29.)  On June 19, 2007, the Alameda County Superior Court set aside the judgment and quashed the writ of execution.  (COM ¶ 26.)

1

1    Based on Defendant's provision of the aforementioned legal services to Mount Hermon

2   school, Ms. Omotade alleges twelve causes of action against defendants for fraud, intentional

3   infliction of emotional distress, negligent infliction of emotional distress, constructive fraud,

4   abuse of process, negligence, legal malpractice, breach of contract, breach of implied covenant

5   of good faith and fair dealing, violation of the Fair Debt Collection Practices Act, violation of the

6   Robbins-Rosenthal Act of California, and unfair business practices.[1]  (Plaintiff's Complaint.)  As

7   a basis for each of the twelve causes of action, Omotade alleges that defendants obtained a

8   judgment through a false declaration, provided a false or misleading declaration, submitted a

9   false or misleading declaration, gave a false explanation of the meaning of the declaration in a

10  letter, provided false information to the Court in its pleadings in opposition to the motion to set

11  aside default judgment, tried to collect monies not owed to defendants, and failed to return the

12  proper amount of money wrongfully garnished.  (COM ¶¶ 36-39, 47, 62, 67, 75, 82, 88, 95, 101.)

13    Each of plaintiff's twelve causes of action fail to state a claim upon which relief may be

14  granted.  Specifically, each is either barred by California's litigation privilege codified as

15  California Civil Code § 47(b) and/or fails as a matter of law because Defendants had no

16  contractual relationship with plaintiff and did not owe her a legal duty.

17  **III.    STANDARD OF REVIEW**

18    Federal Rule of Civil Procedure 8(a) provides that any pleading "which sets forth a claim

19  for relief," such as a complaint, "shall contain," inter alia, "a short and plain statement of the

20  claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The complaint must

21  "give the defendant fair notice of what the plaintiff's claim is and the grounds up which it rests."

22  *Swierkiewicz v. Sorema, N.A.* 543 U.S. 506, 512 (2002).  Conclusory allegations, which are

23  unsupported by any facts, do not satisfy the minimum pleading requirements of Rule 8.

24    Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss claims that fail to

25  state a claim upon which relief can be granted.  Although the Court must accept the material

26  allegations pled as true, the Court can and should disregard conclusory allegations or legal

---

[1]   The causes of action in the complaint are titled 1-13, however, there is no twelfth cause of action alleged.

1  characterization nor need it accept unreasonable inferences or unwarranted deductions of fact.

2  *Transphase Systems, Inc. v Southern Calif. Edison Co.*, (C.D. Cal. 1993) 839 F.Supp. 711, 718 .

3       The court may properly dismiss a complaint under Rule 12(b)(6) of the Federal Rules of

4  Civil Procedure, where as here, there is either a "lack of cognizable legal theory" or "the absence

5  of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacific Police Depo.*, (9th

6  Cir. 1990) 901 F.2d 696, 699.

7       A motion to dismiss for failure to state a claim is proper when plaintiff has included

8  allegations in the complaint, that on their face, disclose some absolute defense or bar to recovery:

9  "If the pleadings establish facts compelling a decision one way, that is as good as if deposition

10 and other expensively obtained evidence on summary judgment establishes the identical facts."

11 *Weisbuch v. County of Los Angeles* (9th Cir. 1997) 119 F.3d 778, 783 fn.1.

12 **IV.    LEGAL ARGUMENT**

13     **A.    Plaintiff Cannot Assert A Cause of Action for Fraud Because it is Barred by
14        the California Litigation Privilege As a Matter Of Law**

15       Under California law, to establish a cause of action for fraud, plaintiff must prove the

16 following elements:  (1) a false representation, actual or implied, or concealment of a matter of

17 fact material to the transaction which defendant had a duty to disclose or defendant's promise

18 made without intention to perform; (2) defendant's knowledge of the falsity; (3) defendant's

19 intent to deceive; (4) Plaintiffs' justifiable reliance thereon; and (5) resulting damage to plaintiff.

20 *Pearson v. Norton* (1964) 230 Cal.App.2d 1; *Small v. Frits Companies* (2003) 30 Cal.4th 167.

21       Fraud actions are subject to strict requirements of particularity in pleading.  *Committee on*

22 *Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216; *Nagy v. Nagy*

23 (1989) 210 Cal.App.3d 1262.

24       California Civil Code § 47(b) provides that a publication made in the court of a judicial

25 proceeding is privileged.  The purpose of the privilege is to assure participants in the litigation

26 "the utmost freedom of access to the courts without fear of being harassed subsequently by

27 derivative tort actions.'  *Pacific Gas and Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. CV 07 5683 MMC

1118, 1132, quoting *Silberg v. Anderson* (1990) 50 Cal.3d 205, 213.  The privilege covers any communication, whether or not it amounts to a publication, and all torts except malicious prosecution.  *Id.* 211-212.  The court is only to examine whether the communication was made in furtherance of the object of the litigation; a defendant's "motives, morals, ethics, or intent are not in issue."  *Howard v. Drapkin* (1990) 222 Cal.App.3d 843, 864.

The protection of California's litigation privilege is not limited to statements made in a courtroom or any other official proceeding.  To the contrary, courts consistently have interpreted the absolute litigation privilege as precluding virtually all theories of recovery that in any way touch upon communication or publications involving judicial proceedings.  *Rubin v. Green* (1993) 4 Cal.4th 1187, 1194.  The privilege "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved."  *Silberg, supra*, 20 Cal.3d at 212.  The test for application of the privilege is that it applies to any communication that is (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and; (4) that have some connection or logical relation to the action.  *Id.* at 212.

In the present action all of the allegations that form the basis of plaintiff's first cause of action for fraud are communications and/or publications that are completely protected by the California litigation privilege.  Plaintiff alleges that defendant Glassberg signed and submitted a declaration that he knew was untrue, that defendant Auerbach sent a letter explaining Glassberg's declaration which contained factual inaccuracies, that defendants knew that the opposition to plaintiff's motion to set aside default judgment was untrue, and that defendants knew they were not returning the correct amount seized pursuant to the levy on plaintiff's account.  (COM ¶¶ 36-39.)  Each of these communications and/or publications were made by defendants to further the Underlying Action for the collection of debts owed by Ms. Omotade.  Each of the communications or publications were made in furtherance of the collection of outstanding debts owed and each had a logical connection to the Underlying Action.

4

1    California district courts have consistently held that the litigation privilege is a complete

2   bar to a fraud claim based on analogous facts.  In *Sengchanthalangsky v. Accelerated Recovery*

3   *Specialists* (S.D. Cal., 2007) 473 F. Supp.2d 1083, plaintiff consumers sued a collection agency,

4   financial services agency and others for common law fraud, negligence and violations of the Cal.

5   Bus. & Prof. Code § 17200 for, among other things, representations made in an affidavit of

6   correctness which verified that plaintiff was a proper debtor.  Defendants moved the court to

7   dismiss the causes of action for negligence, fraud, and violations of Section 17200 as barred

8   under California's litigation privilege.  Defendants contended that the affidavit was connected to

9   the underlying debt collection litigation because it was created and attached to a settlement letter.

10  *Id.* at 1087.  The court held that the litigation privilege barred all three causes of action.  *Id.* at

11  1089.  In doing so, the court noted, that California courts have long extended statements beyond

12  actual judicial proceedings to include pre-litigation communication, such as demand letters, as

13  well as out-of-court statements.  *Id.* at 1088.

14    Here, each of Defendants' communications, including the declaration, and any and all

15  letters or statements were connected to and made in furtherance of the Underlying Action, and

16  therefore plaintiff's fraud claims is barred by the litigation privilege.

17    **B.    Plaintiff's Second and Third Causes of Action for Intentional and Negligent**
     **Infliction of Emotional Distress are Barred by the California Litigation**
18   **Privilege As a Matter of Law**

19    Plaintiff bases her second and third causes of action for intentional and negligent

20  infliction of emotional distress on the same factual allegations pled in support of her cause of

21  action for common law fraud.  As previously stated, California's litigation privilege is an

22  absolute bar to any tort claim based on communications made in relation to a judicial proceeding.

23  Moreover, allegations of malice do not limit the scope of the litigation privilege.  California law

24  allows the application of the litigation privilege even when a statement is made with malice.

25  *Sengchanthalangsky v. Accelerated Recovery Specialists*, supra, 473 F. Supp.2d at 1088.

26  Although a reviewing court looks to whether a party makes a communication in good faith, such

27  a standard is separate from whether malice is intended.  A statement is protected by the litigation

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. CV 07 5683 MMC

1   privilege when the statement is made in connection with a proposed litigation that is

2   contemplated in good faith and under serious consideration. *Id.*

3         Therefore, irrespective of whether malicious conduct is alleged, plaintiff's second and

4   third causes of action are completed barred by the litigation privilege as a matter of law.

5       **C.**    **Plaintiff's Fourth Cause of Action For Constructive Fraud Fails As A Matter of Law**

6

7          **1.**    **Plaintiff's Constructive Fraud Cause of Action Fails Because Omotade and Defendants Did Not Have a Fiduciary Relationship**

8         Constructive fraud is a unique species of fraud applicable only to a fiduciary or

9   confidential relationship. *Assilzadeh v. California Federal Bank, FSB* (2000) 82 Cal.App.4th

10  399, 415. Constructive fraud is marked by any act or omission involving a breach of a legal or

11  equitable duty, trust or confidence which results in damage to another even though the conduct

12  may not otherwise be fraudulent. *Id.* Plaintiff cannot establish a fiduciary relationship existed

13  between herself and defendants. Such a relationship is a precondition to a cause of action for

14  constructive fraud. See *Salahutdin v. Valley of California, Inc.* (1994) 24 Cal.App.4th 555, 562.

15        A fiduciary relationship is

16      'any relation existing between parties to a transaction wherein one of the parties is in duty bound to act with the utmost good faith for the benefit of the other party.

17      Such a relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is

18      reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the other party without the

19      latter's knowledge or consent. . . .'

20  *Wolf v. Superior Court* (2003) 107 Cal.App.4th 25, 29.

21        Here, plaintiff cannot allege that defendants owed her a fiduciary duty. As clearly

22  articulated by plaintiff's complaint, defendants were hired by Mount Hermon to provide legal

23  services in connection with collecting debts owed by plaintiff. (COM ¶¶ 10-13.) Defendants

24  owed a fiduciary duty to their client, Mount Hermon, and had no fiduciary duty to a party

25  adverse to Mount Hermon in the Underlying Action. As a general rule, California courts hold

26  that an attorney owes no duty or professional obligation to a non-client. *Moore v. Anderson*

27  *Zeigler Disharoon Gallagher & Gray, P.C.* (2003) 109 Cal.App.4th 1287. According to *Moore,*

28

                                                         6

1  "an attorney generally will not be held liable to a third person not in privity of contract with him

2  since he owes no duty to anyone other than his client. *Id.* at 1294.

3

        **2.**       **The Litigation Privilege Completely Bars Plaintiff's Cause of Action**

4                      **for Constructive Fraud.**

5         Plaintiff alleges no new facts in support of its constructive fraud cause of action, but

6  instead incorporates the previous paragraphs in its complaint which form the basis for her first

7  three causes of action. As previously stated, the California litigation privilege completely bars

8  any cause of action for fraud.

9

     **D.**     **The California Litigation Privilege Completely Bars Plaintiff's Fifth Cause of**

10                **Action for Abuse of Process**

11         The tort of abuse of process constitutes the use of a legal process against another to

12  accomplish a procedural purpose for which it is not designed. *Brown v. Kennard* (2001) 94

13  Cal.App.4th 40. In support of her claim, Omotade re-alleges the same facts used to support her

14  first four causes of action, i.e. providing a false declaration, drafting a misleading letter to her

15  counsel explaining the declaration, providing false information to the court in its pleadings

16  opposing the motion to set aside default judgment, and communications regarding monies owed

17  and garnished. (COM ¶ 62.)

18         Each of these communications is protected by the litigation privilege. The litigation

19  privilege is an available defense to the tort of abuse of process. *Adams v. Superior Court* (1992)

20  2 Cal. App. 4th 521, 528-529. In *Adams*, plaintiff brought an action against individual attorneys

21  and a law firm, alleging abuse of process, after the attorneys filed unsuccessful motions for

22  reconsideration of plaintiff's motions to reduce or expunge her prior felony convictions in other

23  courts.

24         In *Adams*, the court found that a defendant in an action for abuse of process may rely

25  upon the defense of judicial privilege, pursuant to Civ. Code, § 47, provided that there is some

26  reasonable connection between the act claimed to be privileged and the legitimate objects of the

27  lawsuit in which that act took place. The privilege is broadly applied to protect most publications

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. CV 07 5683 MMC

1  within lawsuits, provided there is some connection between the lawsuit and the publication. Any

2  doubt as to whether the privilege applies is resolved in favor of it applying. *Id.* at 529. Each of

3  the communications purporting to support Ms. Omotade's cause of action for abuse of process

4  were made in connection with the Underlying Action to collect outstanding debts. As such, this

5  cause of action is barred as a matter of law.

6      E.      **Plaintiff's Sixth and Seventh Causes of Action for Negligence and Legal
               Malpractice Fail As a Matter of Law**
7
               1.      **Plaintiffs Causes Of Action for Negligence and Legal Malpractice Fail
8                      Because Defendants Did Not Owe Omotade a Duty**

9      To prevail on a cause of action for negligence, plaintiff must plead and prove the

10  essential elements, including duty, breach ,causation and damages. See generally, *Ventura*

11  *County Humane Society v. Holloway* (1974) 40 Cal.App.3d 897, 902. An action in negligence

12  requires a showing that the defendant owed the plaintiff a legal duty, the defendant breached the

13  duty, and the breach was a proximate cause of the injuries suffered by the plaintiff. *Benedek v.*

14  *PLC Santa Monica, LLC* (2002) 104 Cal.App.4th 1351, 1356.

15     To support its legal malpractice cause of action, plaintiff alleges that Defendants owed

16  her a duty of care, that defendants failed to exercise reasonable and due care in the provision of

17  their legal services, causing plaintiff to suffer damages. (COM ¶¶ 74-76) Therefore, plaintiff's

18  allegation of legal malpractice is really a negligence claim. As stated, an essential element of a

19  cause of action for negligence, is duty.

20     *Moore v. Anderson Zeigler Disharron Gallagher & Gray, P.C.* (2003) 109 Cal.App.4th

21  1287, explains that:

22         as a general rule, an attorney has no professional obligation to nonclients and thus
           cannot be held liable to nonclients for the consequences of the attorney's
23         professional negligence. [citations] Consequently, 'an attorney generally will not
           be held liable to a third person not in privity of contract with him since he owes
24         no duty to anyone other than his client.'

25  *Id.* at 1294. "As an exception to this general rule, it has been settled in California that an

26  attorney may be liable to non-clients in limited circumstances where the non-client was the

27  intended beneficiary of the attorney's services." *Id.* at 1294-1295. (Italics in original.)

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. CV 07 5683 MMC

1   However, in *Norton v. Hines* (1975) 49 Cal.App.3d 917, the court rejected the plaintiffs'

2   argument that a departure from the general rule should be made where it was foreseeable that

3   actions by the adversary's lawyer would cause injury to the non-client. The court stated, "in the

4   case at bar a former litigant is suing adverse counsel. Clearly, an adverse party is not an intended

5   beneficiary of the adverse counsel's client." *Id.* at 922.

6       Ms. Omotade was an adverse party to Defendants' client in the Underlying Action. The

7   weight of California authority concurs that Defendants did not owe her a duty. Accordingly,

8   plaintiff's causes of action for negligence and legal malpractice fail as a matter of law.

9
10
       **2.**     **California's Absolute Litigation Privilege Bars Plaintiff's Causes of Action for Negligence and Legal Malpractice.**

11       Plaintiff's causes of action for negligence and legal malpractice fail for the separate

12   reason that they are completely barred by the litigation privilege. Each of the alleged

13   communications supporting these two causes of action were made pursuant to and in furtherance

14   of the Underlying Action. As previously stated, federal district courts have barred tort based

15   causes of action based on facts similar to those in the present matter. See *Sengchanthalangsky,*

16   *supra* 473 F. Supp.2d 1083.

17
18
   **F.**     **Plaintiff Cannot Assert Causes of Action for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing Because Defendants Did Not Enter Into a Contract With Plaintiff**

19       In support of both her breach of contract and breach of the implied covenant of good faith

20   and fair dealing causes of action, plaintiff alleges, "Defendant Northfield Mount Hermon School

21   entered into a contract of settlement by and through their attorney of record, Glassberg, Pollak &

22   Associates." (COM ¶¶ 80, 86.) This is plaintiff's only allegation regarding the existence of a

23   contract. Plaintiff does not allege that she entered into any contract with Glassberg Pollak &

24   Associates or any of its employees.

25       "The construction and enforcement of settlement agreements are governed by principles

26   of local law which apply to interpretation of contracts generally." *United Commercial Ins.*

27   *Service, Inc. v. Paymaster Corp.*, (9th Cir. 1992) 962 F.2d 853, 856. California law has never

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. CV 07 5683 MMC

1   held that an attorney is a party to a settlement agreement entered into between his client and an

2   adverse party.  Here, Defendants did not enter into a contract with plaintiff.  Therefore plaintiff's

3   causes of action based on contract fail as a matter of law.

       G.    **Plaintiff's Tenth Cause of Action for Violation of the Fair Debt Collection**
4
            **Practices Act ("FDCPA") Fails Because Defendants' Alleged Conduct Does**
5               **Not Amount to "Communication" Under the FDCPA**

6          In support of its tenth cause of action for violation of the FDCPA 15 U.S.C. 1692 et seq.

7   (erroneously cited by plaintiff as 7 U.S.C. 801 et al.), plaintiff re-asserts the same allegations

8   regarding defendants' conduct in the Underlying Action, used to support her other nine causes of

9   action.  However as evidenced by plaintiff's complaint, all communications at issue were filed

10  with the court during the Underlying Action or served on plaintiff's counsel.

11         Specifically, plaintiff alleges that defendant breached the FDCPA by: (1) Submitting a

12  false declaration to the court; (2) Trying to collect more money than is owed; (3) Submitting

13  false explanations to the Court in support of a wrongfully obtained judgment; (4) Obtaining a

14  judgment on false grounds; (5) Garnishing plaintiff's bank account based on a judgment

15  defendants, and each of them, knew was based on false grounds; (6) Not voluntarily returning all

16  the monies garnished after the judgment was set aside and then when returned not returning the

17  proper amount; (7) Continuing to accept payments from plaintiff knowing that a judgment was

18  requested, and not telling plaintiff; and, (8) Misleading plaintiff to continue making payments on

19  the payment plan while at the same time informing the court that plaintiff was not making

20  payments and obtaining a judgment. (COM ¶ 95.)

21         In *Guerrero v. RJM Acquisition LLC*, 499 F.3d 926 (9th Cir. 2007), the Ninth Circuit

22  held that a communication directed to a debtor's counsel was not subject to the FDCPA.  The

23  court found that the purpose of the FDCPA "is to protect vulnerable and unsophisticated debtors

24  from abuse, harassment, and deceptive collection practices." *Id.* at 938.  However, the court

25  reasoned that

26       [w]hen an individual is represented by counsel who fields all communications
         relevant to the debt collection, these concerns quickly evaporate... 'when an
27       attorney is interposed as an intermediary between a debt collector and a
         consumer, we assume the attorney, rather than the FDCPA will protect the
28

                                       10

consumer from a debt collector's fraudulent or harassing behavior.' (citations omitted)

*Id.* at 939.

The court further reasoned, that the act was "meant to shield debtors from abusive collection practices, but it was never intended to shift the balance of power between debtors and creditors….[n]or was it intended as a sword to be brandished by debtors least in need of the Act's protections." *Id.* at 941.

The ninth circuit found that in enacting the FDCPA,

> Congress was concerned with disruptive, threatening and dishonest tactics. The Senate Report accompanying the Act cites practices such as 'threats of violence, telephone calls at unreasonable hours [and] misrepresentation of a consumer's legal rights." S. Rep. 95-389, at 2. In other words, Congress seems to have contemplated the type of actions that would intimidate unsophisticated individuals and which, in the words of the seventh circuit 'would likely disrupt a debtor's life."

*Id.* at 939 (citations omitted).

Plaintiff does not allege any of the aforementioned practices which Congress contemplated when creating this legislation. Here, all of Defendants' alleged conduct took place in furtherance of the Underlying Action. Defendants' allegedly actionable communication was all directed to the court and eventually served on plaintiff's counsel. Therefore, the communications at issue were not the type of communication intended to be protected under the FDCPA.

Courts from outside this circuit have also consistently taken the position that when communications are made to the court and/or monitored by counsel, the protections of the FDCPA are no longer necessary. In *Argentieri v. Fisher*, (D. Mass. 1998) 15 F. Supp. 2d 55, the plaintiff claimed that an allegedly improper prayer for attorneys' fees contained in a state court collection complaint violated the FDCPA. The *Argentieri* court held that the FDCPA claim failed. In doing so, the court reasoned, "[t]he whole purpose of regulating debt collection was to "supervise" a range of unsupervised contacts, such as demand letters and late-night phone calls. In contrast, a statement made in a pleading is supervised by the court and monitored by counsel. The two situations are drastically different." *Id.* at 61. The court further stated,

11

[t]he courts have their own system of protections against abusive tactics that occur during litigation. a grossly exaggerated debt or unfounded claim in a pleading could represent an abuse of process, and subject the attorney or client to sanctions or other disciplinary mechanisms. Given these protections, when a claim is made to the court, there is no need to invoke protections of a statute designed to protect consumers from unscrupulous, unsupervised debt collections tactics such as threats of violence and harassing telephone calls.

*Id.* at 61-62 (citations omitted).

California Courts and the California legislature have in place a separate statutory scheme to afford litigants protection. Attorneys are regulated by and subject to discipline pursuant to the California Business and Professional Code and the Rules of Professional Conduct. See Cal. Bus. & Prof. Code §§ 6075, 6077. These statutes mandate, that attorneys "counsel or maintain those actions, proceedings, or defense as appear to him or her to be just" and that attorneys must employ "those means only as are consistent with truth,, and never seek to mislead the judge or any judicial officer by an artifice or false statement of law or fact." See Cal. Bus. & Prof. Code §§ 6068(c), (d); Cal. Rules Prof. Conduct, Rule 5-200(A), (B).

As evidenced, communications made to the court or to counsel, particularly those at issue in the present matter, were not intended to form the basis of a FDCPA claim. Therefore, plaintiff's tenth cause of action fails as a matter of law.

**H.    Plaintiff's Eleventh and Thirteenth Causes of Action for Violation of the Rosenthal Fair Debt Collection Practice Act ("RFDCPA") and Unfair Business Practices Fails as A Matter of Law**

**1.    Plaintiff's Eleventh and Thirteenth Causes of Action for Violation of the Rosenthal Fair Debt Collection Practice Act ("RFDCPA") and Unfair Business Practices are Barred By the California Litigation Privilege**

Plaintiff re-alleges identical facts used to support its ten other causes of action in support of its RFDCPA and unfair business practices claims. All of defendants claimed conduct qualifies as communication made in a judicial proceeding to achieve the objects of the litigation and are logically related to the Underlying Action. California Federal District Courts have found the litigation privilege bars claims under the RFDCPA.

//

12

1     In *Taylor v. Quall* (E.D. 2006) 458 F. Supp.2d 1065, plaintiff debtor sued defendants for

2  improper methods used to collect the debt owed by plaintiff.  Plaintiff claimed that defendants

3  improperly brought an action against plaintiff seeking payment of the debt and made multiple

4  misrepresentations to plaintiff until he ultimately settled the action.  Plaintiff alleged California

5  state law claims under the RFDCPA and California Business and Professional Code § 17200.

6  Defendants moved to dismiss the state law claims on the ground that they were barred by the

7  litigation privilege codified in Cal. Civ. Code § 47(b). *Id.* at 1067.  The court held that both the

8  RFDCPA and the Section 17200 claims were barred by the litigation privilege.

9     In *Taylor*, the court rejected  plaintiff's argument that the Supreme Court's decision in

10  *Heintz v. Jenkins*, 514 U.S. 29 (1995) foreclosed the application of the litigation privilege.  The

11  court found that *Heitz* was solely concerned with the construction of the term "debt collector"

12  within the FDCPA and did not address the relevance of California's litigation privilege. *Id.* at

13  1068.  The court reasoned that all the allegedly wrongful debt collection practices engaged in by

14  defendants occurred in the context of litigation.  The complaint made clear that all

15  communications to plaintiff occurred between the time the summons and complaint were served,

16  and the action settled.  Therefore, the court found the communications were privileged defeating

17  plaintiff's state law claims. *Id.* at 1067.

18     The facts of *Taylor* almost identically parallel those alleged in plaintiff's complaint.

19  Here, the alleged communications occurred during the Underlying Action and in furtherance of

20  enforcing a judgment pursuant to that action.  Therefore, both plaintiff's causes of action under

21  the RFDCPA and for California unfair business practices are subject to the litigation privilege

22  and fail as a matter of law.

23           **2.      Defendants Do Not Qualify As "Debt Collectors" Under the Rosenthal
              Fair Debt Collection Practices Act ("RFDCPA")**

24

25     Attorneys are expressly exempted from the definition of "debt collectors" in the

26  RFDCPA.  Cal. Civ. Code § 1788.2(b) specifically states,

27           The term debt collectors means any person who, in the ordinary
             course of business, regularly, on behalf of himself or herself or

28

                                          13
─────────────────────────────────────────────────────────────

1  others, engages in debt collection.  The term includes any person
   who composes and sells, or offers to compose and sell, forms,
   letters and other collection media used or intended to be used fro
2  debt collection, *but does not include an attorney or counselor at
   law.*

3

4  *Id.* (emphasis added).  As the California Civil Code expressly exempts attorneys from the

5  definition of debt collector, plaintiff's claim under the RFDCPA against Defendants fails as a

6  matter of law.

7  **I.     Plaintiff Fails to Allege a Twelfth Cause of Action**

8          Plaintiff's causes of action are numbered 1-13 respectively.  However, plaintiff's

9  complaint does not allege a twelfth cause of action, and therefore it must be stricken.

10 **V.     CONCLUSION**

11         As established above, plaintiff's complaint fails to allege any cause of action upon which

12 relief may be granted.  Accordingly, Defendants respectfully request that the court grant their

13 motion to dismiss plaintiff's complaint in its entirety.

14 DATED:  November 13, 2007              HINSHAW & CULBERTSON LLP

15

16

17                                        By: _____
                                          BRADLEY M. ZAMCZYK
18                                        JOANNA BRAYNIN
                                          Attorneys for Defendants HAROLD B.
19                                        GLASSBERG, HAROLD B. AUERBACH,
                                          ROBERT L. POLLAK, JON-MICHAEL
20                                        McSWEENY, GLASSBERG, POLLAK &
                                          ASSOCIATES

21 2964538v1    882097

22

28
                                        14
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. CV 07 5683 MMC